IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CASSIDY ARNOLD, a minor, By and Through Her Natural Mother and Legal Guardian, Tina R. Hill | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) Civil Action No. 7:07cv093 ) |
| HARTFORD LIFE INSURANCE COMPANY | ) By: Michael F. Urbanski ) United States Magistrate Judge ) |
| Defendant | ) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff Cassidy Arnold's motion for changes to the April 11, 2007 Scheduling Order proposed in this case brought under the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Arnold proposes three changes to the Scheduling Order, to which defendant Hartford Life Insurance Company objects.

In sum, Arnold asserts that this is not a typical ERISA case involving review, on an abuse of discretion standard, of the decision of the plan administrator. Rather, Arnold argues that this case is governed by the *de novo* standard of review and seeks, therefore, relief from the Scheduling Order to allow her to take necessary discovery, to timely file motions for summary judgment, and to prepare for trial, as may be appropriate.

This case involves an Accidental Death and Dismemberment (AD&D) claim under a group policy issued and administered by Hartford Life and Accident Insurance Company (Hartford) and applicable to employees of the Volvo Trucks North America, Inc. plant in Dublin,

Virginia. On April 17, 2005, a Volvo employee and plan participant, Arlys Arnold, died in a motorcycle accident. Following the accident and AD&D claim, Hartford obtained a certificate of blood alcohol obtained by the medical examiner purporting to show that decedent's blood-alcohol level was 0.18%. Although the AD&D policy contained no express exclusion for alcohol and intoxication related deaths, Hartford denied the claim for AD&D benefits, construing the word "accident" to exclude circumstances where it is reasonably foreseeable that death will occur. Hartford's August 23, 2005 denial letter stated as follows:

> According to the Policy, we will pay a benefit when bodily injury results directly from an accident and independently of all other causes. We do not interpret the word "accident" to include circumstances where it is reasonably foreseeable that death will occur. Accidents, by nature are unforeseeable events. It is a well known fact that driving while intoxicated can cause serious bodily injury or death. For instance, alcohol affects a person's ability to function, drive, or use machinery. It is our opinion that Mr. Arnold having ingested the quantity of alcohol that would result in a blood alcohol level of 0.18%, should have reasonably foreseen that such actions may result in severe injury or death, even if death was not intended. The assumption of a known risk by the insured does not constitute an "Accident" under the terms of the Policy, and the result of that assumption, death in this circumstance, does not constitute a covered "injury" under the terms of the Policy.

Complaint at 13. Hartford's letter also concluded that Arnold's claim should be denied as a self-inflicted injury.

Plaintiff Arnold is the daughter of the decedent, and she challenges the denial of benefits on a variety of procedural, factual, and legal bases. Arnold argues that because of the paucity of the administrative record, questions raised by certain e-mails reflected therein, and an issue concerning the accuracy of the blood test taken by the medical examiner, she needs relief from the Scheduling Order to adequately prepare this case.

2

# I.

Court actions challenging the denial of benefits under 29 U.S.C. § 1132(a)(1)(B) are subject to the standard of review announced in Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989). The Court observed, deriving guidance from principles of trust law, that in reviewing actions of a fiduciary who has been given discretionary powers to determine eligibility for benefits and to construe the language of an ERISA plan, deference must be shown; the fiduciary's actions will be reviewed only for abuse of discretion. Id. at 111. If discretionary authority is not provided, denials of claims are reviewed *de novo*. Id. at 115, see also De Nobel v. Vitro Corp., 885 F.2d 1180, 1187 (4th Cir. 1989) (considering when a plan confers discretion).

As the Fourth Circuit explained in De Nobel,

> The threshold question for reviewing courts is now whether the particular plan at issue vests in its administrators discretion either to settle disputed eligibility questions or to construe "doubtful" provisions of the plan itself. If the plan's fiduciaries are indeed entitled to exercise discretion of that sort, reviewing courts may disturb the challenged denial of benefits only upon a showing of procedural or substantive abuse. If not, the benefits determination at issue must be reviewed *de novo*.

885 F.2d at 1186. It follows, therefore, that Arnold's request for deviation from the Scheduling Order turns upon which standard of review applies in this case.

As Arnold contends that *de novo* review applies, she seeks discovery applicable to that level of review. In Quesinberry v. Life Ins. Co. of North Am., 987 F.2d 1017, 1025 (4th Cir. 1993), the Fourth Circuit held that in conducting *de novo* review in appeals of benefit determinations under ERISA, it is sometimes proper for a district court to consider evidence that was not before the administrator. Such evidence should be allowed only in exceptional

3

circumstances when it is clearly established that "additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." Id.

Hartford, on the other hand, argues that the abuse of discretion standard applies and that no discovery outside of the administrative record is appropriate. "When a district court reviews a plan administrator's decision under a deferential standard, the district court is limited to the evidence that was before the plan administrator at the time of the decision." Bernstein v. Capitalcare, Inc., 70 F.3d 783, 788 (4th Cir. 1995); see Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994).

## II.

Plaintiff's objections to the Scheduling Order all focus on opening the administrative record to facilitate *de novo* review. To a substantial degree, therefore, the pending motion is dependent upon which standard applies.

Although defendant argues that, "the group policy confers upon Hartford Life the authority to construe the terms of the policy," Def. Mem. in Opp. to Pl. Requests for Changes to Proposed Scheduling Order at 2, the group plan at issue[1] in this case does not appear to contain language of the sort necessary to apply an abuse of discretion standard. Hartford argues that the abuse of discretion standard derives from three aspects of the plan document:

1.  The face of the plan document states that Hartford "[w]ill pay benefits according to the conditions of this policy"

2.  Page 9 states "[t]he Policyholder must give us information, when and in the manner we ask, to administer the insurance provided by this policy."

---

[1] Hartford attached the group plan at issue as Exhibit A to its Memorandum in Opposition.

4

3. Proof of loss is required for payment of a claim.

Id. Even taken together, these three clauses do not give Hartford the "'*power* to construe disputed or doubtful terms'– or to resolve disputes over benefits eligibility – in which case 'the trustee's interpretation will not be disturbed if reasonable.'" De Nobel, 885 F.2d at 1187, (quoting Bruch, 489 U.S. at 111). Nor is there any other provision in the group policy that vests in Hartford the measure of discretion required to invoke the abuse of discretion standard. Thus, it appears that the *de novo* standard may apply, and following Bruch and Quesinberry, the question becomes whether this case presents exceptional circumstances to warrant departure from the Scheduling Order to allow sufficient discovery and development of the record.

### III.

At the hearing on this motion, Arnold stated that deviations from the Scheduling Order were necessary based on two general categories of discovery: (1) the first relating to Hartford's administration of the claim in this case, and (2) the manner in which the blood sample was drawn from the decedent by the medical examiner.

As to administration of the policy, Arnold asserts that she should be able to discover all of the Hartford documents referred to in the claims file, but not actually contained therein. Certainly, Arnold should have the ability to examine any documents contained in or referred to in the claims file in this case. However, as the proposed pretrial order already authorizes 60 days to complete such discovery, this does not justify any deviation from the proposed order.

Arnold also asserts that she may need to take further discovery from Hartford based on certain emails in the claims file concerning the manner in which the "foreseeability-based" denial was handled. According to Arnold's brief, one of the emails in the administrative record states as follows:

5

> Katy/Katie: is this our standard position we take on all ad&d claims when the contract does not have an "alcohol/intoxication" exclusion? The union is going to fight it and frankly, I think foreseeability is a real stretch. I don't think anyone would have a problem is [sic] the contract clearly had an "a/i" exclusion [sic], but this contract doesn't and I believe at the time we wrote the contract, we were duplicating a prior carrier's plan.

Complaint at 26-27. Given the *de novo* standard of review in this case and this email, it is plain to see that Arnold may want to conduct additional discovery as to the basis for the denial. For this reason, it is appropriate to depart from the Scheduling Order to allow for discovery of Hartford's consideration of Arnold's claim.

Accordingly, by separate Order, the parties are directed to confer regarding a trial date and contact Susan Moody, Judge Conrad's Courtroom Deputy Clerk, within ten (10) days to obtain such date. Following agreement on a trial date, the standard Pretrial Order for civil bench trials will be entered.

Such a Pretrial Order also will allow sufficient time for reasonable discovery into the medical issue raised by plaintiff. This is not to say, however, that such evidence ultimately will be admissible in evidence or considered by the court even under a *de novo* standard, but as it may lead to the discovery of admissible evidence as to what Hartford did and did not do in investigating this claim, some reasonable discovery on this issue will be allowed.

Accordingly, a separate Order will be entered consistent with this opinion.

Enter this 8th day of May, 2007.

Michael F. Urbanski
United States Magistrate Judge

6